QUESTION: May a "blanket bond" be used in lieu of an individual fidelity bond required of each deputy sheriff by s. 30.09, F.S., the bond required of special officers of the Division of Forestry, s. 590.02, F.S., or the bond required of motor vehicle tax collectors of the Department of Highway Safety and Motor Vehicles, s. 320.03, F.S.?
SUMMARY: A "blanket bond" may not be used in lieu of the individual fidelity bond required of each deputy sheriff by s.30.09, F.S., the bond required of special officers of the Division of Forestry, s. 590.02, F.S., or the bond required of motor vehicle tax collectors of the Department of Highway Safety and Motor Vehicles, s. 320.03, F.S. In your letter, you state that the Division of Purchasing of the Department of General Services is responsible for the purchase of insurance for all state agencies pursuant to s. 287.022, F.S., and that it has been the practice of the division to purchase blanket bonds, rather than individual surety bonds, for statutory bonding requirements such as deputy sheriffs, special officers of the Division of Forestry, and motor vehicle tax collectors. You further state that such practice of blanket bond coverage results in a considerable savings in the amount of the premiums paid for bond coverage. Although economy in state government is an important criterion to be considered, legislative direction must be followed. The provisions of s. 287.022, F.S., making the Department of General Services responsible for the purchase of insurance and the definitions in s. 287.012, F.S., must be considered in light of the statutes requiring fidelity bonds for deputy sheriffs, s.30.09, F.S., special officers of the Division of Forestry, s.590.02, F.S., and motor vehicle tax collectors, s. 320.03, F.S. The language used in s. 287.022, F.S., directing the purchase of insurance could conceivably be construed to include fidelity bonds, as fidelity bonds in their broad sense are a type of insurance. However, the clear and unequivocal language in ss.30.09, 590.02, and 320.02, F.S., removes the fidelity bonds required by these statutes from such a broad meaning. The language in ss. 30.09, 590.02, and 320.03, F.S., requires that each commissioned officer shall furnish a bond conditioned upon said commissioned officer's faithful performance of the duties of that office prior to becoming a commissioned officer. As previously stated in AGO 073-490, which states that the statute requiring bond for each member of a board of trustees required individual bonds and a "blanket bond" could not be used, "it is clear from the language chosen by the Legislature that it intended that each individual member give a bond personal to himself and conditioned upon the performance of his duties."
By comparison, ss. 30.01 and 30.02, F.S., which require the posting of fidelity bonds by sheriffs, contain the same clear and unequivocal language of the Legislature and require a bond personal to that particular sheriff. It would be inconsistent to then consider that the Legislature in its wisdom intended to require a sheriff to post an individual bond, but permit the deputy sheriff to be covered by a blanket bond, when the same language was used by the Legislature in each statute. The requirements that a deputy sheriff must post individual fidelity bonds and not be covered by a blanket bond was reached in an informal opinion dated April 5, 1972, and a similar conclusion, relating to blanket bonds to Historic Pensacola Preservation Board of Trustees, was reached in AGO 073-490, the opinion referred to in your opinion request. I find the language used in ss. 30.09 and 266.103, F.S., consistent with the language in ss. 590.02 and320.02, F.S., requiring the posting of an individual fidelity bond as a prerequisite to being commissioned, and therefore reach the same conclusion as that reached in the informal opinion and in AGO 073-490 that blanket bonds cannot be used in lieu of an individual fidelity bond specified by statute. After a further examination of the statutes and case law of Florida subsequent to my opinion in AGO 073-490, nothing has been found that would cause me to recede from my former opinions in this regard.